# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2224

———————

United States of America,            *
*
          Appellee,      *   Appeal from the United States
*   District Court for the District
   v.                  *   of Nebraska.
*
Leonardo Perez-Llanes,      *     [UNPUBLISHED]
*
         Appellant.     *

———————

Submitted: May 10, 2005
Filed: May 16, 2005

———————

Before MURPHY, FAGG, and BENTON, Circuit Judges.

———————

PER CURIAM.

Leonardo Perez-Llanes was stopped for traffic violations on Interstate 80. Because Perez did not speak English, a Spanish-speaking officer was called to the scene. Toward the end of the encounter, the officer asked Perez if the officers could search the car, using the Spanish word "registrar" rather than "esculcar." After several inquiries over the course of five minutes, Perez agreed. The officers searched the car and found a large quantity of methamphetamine. Perez was charged with possession with intent to distribute methamphetamine. Perez filed a motion to suppress, asserting he believed the officers wanted to register his car, and consented

only to a registration, not a search. The district court[*] held a hearing on the motion. Defense witnesses testified "esculcar" is the common way to say "search" and "registrar" is obscure. In contrast, the court-appointed expert in the Spanish language testified "esculcar" typically means "to frisk," and although it could also mean "to search," esculcar is a more formal usage for that meaning than "registrar," which is a common and acceptable Spanish word to use when asking permission to search. The expert testified that the officer asked consent to search Perez's car in understandable Spanish. The district court thus found Perez consented to a search of his car, and denied Perez's motion to suppress. Perez conditionally pleaded guilty and was sentenced to 120 months in prison.

On appeal, Perez contends he did not consent to the search and the officers could not reasonably believe the search was consensual. Given the court-appointed expert's testimony, we conclude the district court did not commit clear error in finding a reasonable officer would believe Perez consented to a search of his car. See United States v. Guerrero, 374 F.3d 584, 588 (8th Cir. 2004) (standard of review); United States v. Rojas-Millan, 234 F.3d 464, 470 (9th Cir. 2000) (holding consent voluntary where consent form used Spanish verb "registren"; in context verb meant "to search").

We thus affirm the district court's denial of Perez's motion to suppress.

_____

[*]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.